**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

United States of America,

      Plaintiff

v.

Oscar Hernandez-Lopez,

      Defendant

Case No.: 2:15-cr-00036-JAD-CWH

**Order Denying Motion to Vacate § 924 Conviction under *United States v. Davis* and Granting Motion to File Sur-reply**

[ECF Nos. 127, 131]

In early 2017, Oscar Hernandez-Lopez pled guilty to several charges for a series of robberies he committed years before.[1]  The charges included brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) and three counts of interference with commerce by robbery under the Hobbs Act.[2]  As part of his plea agreement, Hernandez-Lopez waived his right to challenge his sentence on direct appeal or collateral attack under 28 U.S.C. § 2255.[3]  Hernandez-Lopez received a within-guidelines sentence of 72 months for the robbery and conspiracy counts, plus 84 months for the firearm count, for a total sentence of 156 months.[4]

At the time of Hernandez-Lopez's conviction, § 924(c) offered two ways for an underlying offense to constitute a "crime of violence."  But in 2019, the United States Supreme Court struck down one of them as unconstitutionally vague in *United States v. Davis*.[5]  While Hernandez-Lopez did not appeal, he now asks this court to vacate his firearm conviction under

---

[1] ECF Nos. 92, 93.

[2] 18 U.S.C. § 1951(b)(1).

[3] ECF No. 93.

[4] ECF No. 99.

[5] *United States v. Davis*, 139 S. Ct. 2319 (2019).

1   § 2255, arguing that, under *Davis*, neither aiding and abetting nor completing a Hobbs Act

2   robbery is a crime of violence.  I deny Hernandez-Lopez's motion because he was convicted as a

3   principal and the Ninth Circuit has since held that Hobbs Act robbery is a crime of violence

4   under § 924(c)'s remaining clause,[6] so his conviction remains valid despite the *Davis* holding.

5                                          **Discussion**

6          Section 924(c) carries heightened criminal penalties for defendants who use, carry, or

7   possess a firearm during and in relation to a "crime of violence."  The statute defines "crime of

8   violence" in two subsections.  First, the "elements clause" defines a crime of violence to include

9   a felony that "has as an element the use, attempted use, or threatened use of physical force

10  against the person or property of another."[7]  Second, the "residual clause" includes any felony

11  "that[,] by its nature, involves a substantial risk that physical force against the person or property

12  of another may be used in the course of committing the offense."[8]  But in 2019, the High Court

13  held in *United States v. Davis* that the residual clause's crime-of-violence definition is

14  unconstitutionally vague.[9]

15         Relying on *Davis*, Hernandez-Lopez contends that his § 924(c) conviction must be

16  vacated because neither aiding and abetting a Hobbs Act robbery nor a completed robbery

17  constitutes a crime of violence.[10]  The government opposes his motion, arguing that Hernandez-

18

19  ───────────────

[6] I find that no evidentiary hearing is warranted in light of clear Ninth Circuit authority.

20  [7] 18 U.S.C. § 924(c)(3)(A).

21  [8] *Id.* § 924(c)(3)(B).

    [9] *Davis*, 139 S. Ct. at 2336.

22  [10] Hernandez-Lopez also argues that his habeas petition is timely because *Davis* announced a
    new rule that alters the range of conduct and class of persons that can be punished under
23  § 924(c).  ECF No. 127 at 4–5.  Because the government does not dispute this point, I assume
    without deciding that the petition is timely, and I deny it for other reasons.

                                               2

Lopez waived his opportunity to challenge this conviction.  It adds that his challenge is procedurally defaulted and fails on its merits because the Ninth Circuit recently foreclosed such a challenge in *United States v. Dominguez*[11] when it held that  Hobbs Act robbery remains a crime of violence under § 924's elements clause.

## I.      Hernandez-Lopez didn't waive this collateral challenge.

The government contends that Hernandez-Lopez waived his right to challenge his § 924(c) conviction in his written-plea agreement, which includes an express waiver to bring any collateral challenges including those brought under 28 U.S.C. § 2255.[12]  But as the government concedes, in the Ninth Circuit, "[a] waiver of appellate rights will . . . not apply if a defendant's sentence is 'illegal,' which includes a sentence that 'violates the Constitution.'"[13]  Because Hernandez-Lopez argues that *Davis* invalidated his § 924(c) conviction and alternatively that his § 924(c) conviction is illegal under the remaining elements clause, his plea waiver doesn't bar this motion.

## II.     Hernandez-Lopez procedurally defaulted his claim for relief.

A defendant who fails to raise a claim on direct review is deemed to have procedurally defaulted it and may only raise it later in a habeas petition if he can demonstrate cause and actual prejudice, or actual innocence.[14]  The government argues that Hernandez-Lopez's motion, which comes more than three years after the deadline to appeal expired, was inexcusably tardy because his argument was available to him before *Davis* was decided and he can't show prejudice because a Hobbs Act robbery remains a crime of violence in the Ninth Circuit.  Hernandez-

---

[11] *United States v. Dominguez*, 954 F.3d 1251, 1255 (9th Cir. 2020).

[12] ECF No. 129 at 13–14; ECF No. 93 at 13.

[13] *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016); ECF No. 129 at 14 n.1.

[14] *Bousley v. United States*, 523 U.S 614, 622 (1998) (citations omitted).

3

Lopez responds that the procedural-default rule doesn't apply to his motion because his claim is based on a jurisdictional defect. He adds that cause exists because his *Davis*-based argument wasn't available to him during the window to appeal. Hernandez-Lopez bears the burden to show cause and prejudice, and he has failed to do so.

### A. Hernandez-Lopez's jurisdictional-defect argument is without merit.

Hernandez-Lopez argues that his claim is exempt from the procedural-default rule because it ultimately challenges this court's jurisdiction. He cites *United States v. Montilla*[15] for the proposition that his claim challenges the constitutionality of applying the Hobbs Act to § 924(c) and that the indictment fails to state an offense.[16] The Ninth Circuit's holding in *United States v. Chavez-Diaz*[17] forecloses this argument. In *Chavez-Diaz*, the court explained that the jurisdictional exception "applies 'where on the face of the record the court had no power to enter the conviction or impose the sentence.'"[18] Thus, these limited challenges are predicated on scenarios "where [an] appeal, if successful, would mean that the government cannot prosecute the defendant *at all*."[19] Hernandez-Lopez's challenge does not raise a jurisdictional defect excused from the procedural-default rule because he doesn't argue that the government lacked the power to prosecute him for these acts or that Congress lacked the power to pass either statute.[20]

---

[15] *United States v. Montilla*, 870 F.2d 549 (9th Cir. 1989).

[16] ECF No. 130 at 4.

[17] *United States v. Chavez-Diaz*, 949 F.3d 1202, 1208 (9th Cir. 2020).

[18] *Id.* (citing *United States v. Broce*, 488 U.S. 563, 569 (1989)).

[19] *Id.* (citation omitted) (emphasis in original).

[20] *See id.* at 1208–09.

**B.    Hernandez-Lopez cannot show cause to excuse his default.**

A defendant may demonstrate cause by showing that his claim is "so novel that its legal basis is not reasonably available to counsel."[21]  Hernandez-Lopez argues that cause exists because his motion raises an issue that was previously barred in the Ninth Circuit.[22]  But this futility argument is unpersuasive because "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'"[23]

Hernandez-Lopez has failed to otherwise show cause because, at the time of his plea, "the Federal Reporters were replete with cases involving [similar] challenges."[24]  Though Hernandez-Lopez briefly argues that *Davis* invalidated his § 924(c) conviction if it were based on the residual clause, his motion centers on a challenge to his § 924(c) conviction under the elements clause.[25]  Hernandez-Lopez pled guilty and was sentenced in early 2017.  At that point, several defendants in this district and in the Ninth Circuit had unsuccessfully raised similar challenges to § 924(c) convictions.[26]  And even if Hernandez-Lopez's motion is based solely on *Davis*, *Davis* itself confirms that the vagueness challenge to the residual clause was heavily litigated "among the lower courts"[27] during the pendency of his prosecution, and this district was no exception.[28]

---

[21] *Reed v. Ross*, 468 U.S. 1, 16 (1984).

[22] ECF No. 130 at 5.

[23] *Bousley*, 523 U.S. at 623 (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n. 35 (1982)).

[24] *Id.* at 622.

[25] *See* ECF No. 127 at 7–20.

[26] *See, e.g.*, *United States v. Smith*, 215 F. Supp. 3d 1026, 1033 (D. Nev. 2016).

[27] *Davis*, 139 S. Ct. at 2325.

[28] *See, e.g.*, *Smith*, 215 F. Supp. 3d at 1035; *United States v. Hayes*, No. 3:13-cr-00007, 2017 WL 58578, at *1 (D. Nev. Jan. 5, 2017); *United States v. Johnson*, No. 2:15-cr-220, 2016 WL 2743506, at * 1 (D. Nev. May 11, 2016); *United States v. Bundy*, No. 2:16-cr-00046, 2016 WL 8730142, at *11 (D. Nev. Dec. 30, 2016).

1  Thus these challenges were available to him at the time of his plea, and Hernandez-Lopez has

2  failed to demonstrate cause.

3  **C.  Hernandez-Lopez cannot establish prejudice.**

4  Even if Hernandez-Lopez could show cause, he cannot establish prejudice because

5  Hobbs Act robbery remains a crime of violence in the Ninth Circuit under the elements clause.[29]

6  Despite this clear mandate from the Ninth Circuit, which binds this court,[30] Hernandez-Lopez

7  argues that a completed Hobbs Act robbery is an insufficient predicate offense for § 924(c) under

8  the elements clause because one can commit a Hobbs Act robbery without violence.  He adds

9  that, even if a Hobbs Act robbery is a valid predicate offense, aiding and abetting one is not.

10  Recent opinions from the Ninth Circuit foreclose both of Hernandez-Lopez's arguments.

11  ***1.  Hobbs Act robbery is a crime of violence under the elements clause.***

12  After *Davis*, courts have been confronted with the question of whether a § 924(c)

13  conviction based on a Hobbs Act robbery can stand under the remaining elements clause.  The

14  Ninth Circuit answered that question with an emphatic "yes" in *United States v. Dominguez*: "In

15  light of recent Supreme Court cases, we . . . reiterate our previous holding that Hobbs Act armed

16  robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A)."[31]  Hernandez-Lopez

17  encourages me to find that, despite this clear holding, a Hobbs Act robbery cannot support a

18  § 924(c) conviction.  He adds that he "is not asking this [c]ourt to disregard binding Ninth

19  Circuit precedent" and is instead arguing that *Dominguez* is not binding on this court because the

20

21  ---

[29] *Dominguez*, 954 F.3d at 1255.

22  [30] *In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017) ("[A] published decision of this
court constitutes binding authority [that] must be followed unless and until [it is] overruled by a
23  body competent to do so." (internal quotation marks omitted)).

[31] *Dominguez*, 954 F.3d at 1255.

1    *Dominguez* panel went beyond its authority and attempted to overturn *United States v. Grisel*,[32] a

2    case decided en banc by the Ninth Circuit.[33]

3            In *Grisel*, the Ninth Circuit considered whether a conviction under Oregon's burglary

4    statute could be a predicate offense for the Armed Career Criminal Act (ACCA).[34]   The *Grisel*

5    court noted that under the Supreme Court's rule in *Gonzales v. Duenas-Alvarez*,[35] to find that a

6    state statute is too overbroad to qualify as a predicate offense for a federal crime, there must be a

7    "realistic probability, not a theoretical possibility, that the State would apply its statute to

8    conduct that falls outside the generic definition of a crime."[36]   The court explained that, where "a

9    state statute explicitly defines a crime more broadly than the generic definition, no 'legal

10   imagination,' is required to hold that a realistic probability exists that the state will apply its

11   statute to conduct that falls outside the generic definition of the crime."[37]   So it held that

12   Oregon's statute, which expressly included conduct "in addition to its ordinary meaning"

13   proscribed by the federal statute, could not serve as a burglary offense "for purposes of the

14   ACCA."[38]

15           The *Dominguez* panel did not attempt to overturn or ignore *Grisel*'s holding because the

16   Hobbs Act does not expressly include more punishable conduct than § 924(c).   The Hobbs Act

17   criminalizes certain violent acts performed to commit a robbery including "actual or threatened

18

19   _____

     [32] *United States v. Grisel*, 488 F.3d 844, 850 (9th Cir. 2007) (en banc).

20   [33] ECF No. 130 at 15.

21   [34] *Grisel*, 488 F.3d at 845.

     [35] *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

22   [36] *Grisel*, 488 F.3d at 850 (quoting *Gonzales*, 549 U.S. at 193).

23   [37] *Id.*

     [38] *Id.* at 851.

                                            7

1  force, or violence, or fear of injury, immediate or future, to [the victim's] person or property."[39]

2  Unlike the underlying statute in *Grisel*, which included conduct "in addition to" the federal

3  statute, the Hobbs Act punishes conduct that falls squarely within the scope of § 924(c)'s ambit,

4  which requires the underlying offense to have "as an element[,] the use, attempted use, or

5  threatened use of physical force against the person or property of another."[40]  While the

6  *Dominguez* defendant similarly argued that injury to "intangible economic interests" is

7  punishable under the Hobbs Act, the statute does not expressly include such conduct.[41]  Thus

8  *Grisel*'s exception to the rule that a party must show a realistic probability of a statute's

9  application did not apply in *Dominguez*.  Instead, the court, applying the approach laid out in

10  *Gonzales*, held that it was not required to "analyze whether the same would be true if the target

11  were 'intangible economic interests,' because Dominguez fail[ed] to point to any realistic

12  scenario in which" the statute could be applied to such conduct.[42]

13      As the *Dominguez* court pointed out, every circuit to consider the argument that

14  Hernandez-Lopez makes here has rejected it.[43]  And seemingly finding that *Dominguez* was not

15  at odds with en banc precedent, the Ninth Circuit again considered and rejected this argument in

16  *United States v. Tuan Ngoc Luong*[44] and numerous unpublished opinions.[45]  Similarly, courts in

17

---

18  [39] 18 U.S.C. § 1951.

    [40] *Id.* § 924(c)(3)(A).

19  [41] *Dominguez*, 954 F.3d at 1260; *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019),
20  (noting that both statutes use the term "property" without distinguishing "between tangible and intangible property").

21  [42] *Id.*

    [43] *Id.* (citing cases).

22  [44] *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 990 (9th Cir. 2020).

23  [45] *See, e.g.*, *United States v. Hernandez*, 831 F. App'x 300, 301 (9th Cir. 2020) (unpublished);
    *United States v. Lavert*, 830 F. App'x 894, 894 (9th Cir. 2020) (unpublished) ("[T]his argument
    is foreclosed by circuit precedent."); *United States v. Wells*, 827 F. App'x 664, 667 (9th Cir.

1  this district have routinely rejected the contention that a Hobbs Act robbery cannot be a predicate

2  offense for a § 924(c) conviction.[46]  Because I am bound by the Ninth Circuit's holding in

3  *Dominguez*, I decline Hernandez-Lopez's invitation to disregard it and the approach employed

4  by the overwhelming number of courts that have considered his argument.

5        **2.    *Aiding and abetting Hobbs Act robbery is a sufficient predicate offense.***

6        Hernandez-Lopez also argues that his § 924(c) conviction was invalid because aiding and

7  abetting a Hobbs Act robbery is not a crime of violence under the elements clause.[47]  The

8  government responds that aiding and abetting is merely a method for establishing liability, and

9  not a separate crime.  It adds that even if Hernandez-Lopez's reading of the aiding-and-abetting

10  statute is right, he cannot avail himself of this argument because he was convicted as a principal.

11  The government is correct on both points.

12        The Ninth Circuit recently foreclosed Hernandez-Lopez's argument in *United States v.*

13  *Henry*[48] when it reaffirmed the principle that defendants who aid and abet crimes are liable for

14

---

15  2020) (unpublished) ("This argument, however, is foreclosed by our recent opinion in *United*
16  *States v. Dominguez* . . . [where] we rejected many of the same arguments."); *United States v.*
    *Sleugh*, 827 F. App'x 645, 649 (9th Cir. 2020) (unpublished).

17  [46] *See, e.g.*, *Smith*, 215 F. Supp. 3d at 1035; *United States v. Sefo*, No. 3:16-cr-00052, 2020 WL
    7409595, at *3 (D. Nev. Dec. 17, 2020); *United States v. Knight*, No. 3:19-cr-00038, 2020 WL
18  2128659, at *1 (D. Nev. May, 5, 2020); *United States v. Humphrey*, No. 2:18-cr-00191, 2020
    WL 1853609, at *2 (D. Nev. Apr. 13, 2020).

19  [47] *See* ECF No. 130 at 12–13.  The parties dispute whether a recent order from another judge in
    this district that considered a similar argument meritorious supports Hernandez-Lopez's position.
20  ECF Nos. 130 at 12–13, 131 at 3–4, 132 at 1–4.  To do so, the government moves for leave to
    file a sur-reply clarifying Judge Mahan's order, which I grant.  ECF No. 131.  Judge Mahan's
21  later order denying reconsideration on the motion confirms that his initial "decision was wholly
    for the government's lack of response" and not because aiding and abetting a Hobbs Act robbery
22  is not a crime of violence.  *United States v. Fields*, No. 2:16-cr-363-JCM-GWF, ECF No. 47 at 1
    (D. Nev. Aug. 10, 2020).  So I am not persuaded that this holding gives Hernandez-Lopez's
23  argument any merit.

   [48] *United States v. Henry*, No. 19-50080, 2021 WL 46204, at *9 (9th Cir. Jan. 6, 2021).

the underlying offense as a principal.  In *Henry*, the defendant was charged with various bank-robbery offenses and under § 924(c) for his role in a series of California bank robberies.[49]  The defendant argued that the jury—when given the opportunity to convict him for the robberies as a conspirator under *Pinkerton v. United States* or under the aiding-and-abetting statute—chose *Pinkerton*, which was insufficient to sustain a § 924(c) conviction.[50]  He argued that because *Pinkerton* "did not require the jury to find that [the defendant] himself intentionally used, attempted to use, or threatened to use physical force," his ultimate § 924(c) conviction was invalid.[51]  Although it was unclear whether the jury relied on *Pinkerton* or aiding and abetting to convict the defendant, the *Henry* panel held that it was a distinction without a difference because the defendant's "convictions [were] valid under either."[52]  Pointing to several circuit courts that reached the same conclusion, the panel found that the "argument [that aiding and abetting cannot underly a § 924(c) conviction] fails because armed bank robbery . . . does have violence as an element" and "[d]efendants found guilty of armed bank robbery under a *Pinkerton* or aiding-and-abetting theory are treated as if they committed the offense as principals."[53]

*Henry*'s holding makes clear that, because aiding and abetting is a theory of liability and not a separate offense, the question is not how the defendant was charged but whether the underlying offense contains an element of violence.  Because the Ninth Circuit has affirmed that Hobbs Act robbery is a crime of violence under the elements clause,[54] whether Hernandez-Lopez

---

[49] *Id.* at *2.

[50] *Id.* at *8.

[51] *Id.* at *9.

[52] *Id.* at *8.

[53] *Id.* at *9.

[54] *See Dominguez*, 954 F.3d at 1255.

1   was convicted as a principal or as an aider and abettor for the robbery makes no difference.

2   Hernandez-Lopez's § 924(c) conviction is valid because aiding and abetting isn't a separate

3   crime but instead a theory of liability,[55] foreclosing his ability to make a showing of prejudice.

4          The *Henry* court's approach accords with controlling Supreme Court precedent that has

5   made clear that determining whether a crime qualifies as one of violence requires courts to

6   follow the categorical approach[56] under which "the sole focus is on the elements of the relevant

7   statutory offense" and "not on the facts underlying the convictions."[57]  18 U.S.C. § 2 alone

8   cannot be the predicate offense to support a conviction under § 924(c)—not because it lacks an

9   element of force like Hernandez-Lopez argues, but because that statute "does not define a

10  separate offense but rather makes punishable as a principal one who aids or abets another in the

11  commission of a substantive offense."[58]  Even if Hernandez-Lopez only "facilitated" the Hobbs

12  Act robberies, "all indictments for substantive offenses must be read as if the alternative

13  provided by 18 U.S.C. § 2 were embodied in the indictment."[59]  Because aiding and abetting

14  doesn't define a predicate offense but a method of liability, considering whether an individual

15  acted as the principal or as an aider or abettor—instead of whether the offense he aided or

16

17

18

19

---

20  [55] *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982) ("[T]he aiding and abetting
    statute provides a means of establishing liability but does not itself define a crime. . . .") (internal
    citation omitted)).

21  [56] *Davis*, 139 S. Ct. at 2327.

22  [57] *Dominguez*, 954 F.3d at 1259.

23  [58] *Londono-Gomez v. Immigr. and Naturalization Serv.*, 699 F.2d 475, 476 (9th Cir. 1983)
    (citation omitted).

    [59] *United States v. Gaskins*, 849 F.2d 454, 458 (9th Cir. 1988) (citations omitted).

11

1  abetted is a crime of violence—violates the Supreme Court's mandate to consider only the

2  elements of the substantive offense and not the underlying case-specific facts.[60]

3         Even if *Henry* did not control this case and I evaluated Hernandez-Lopez's underlying

4  conduct in determining whether he pled guilty as a principal or as an aider and abettor, his

5  assertion that the "record documents clearly establish" that he pled guilty to only aiding and

6  abetting the robberies is unsupportable.  In both his plea agreement and at his change of plea

7  hearing, Hernandez-Lopez admitted that "during [the] robberies, [he] would enter the

8  location/store, produce a firearm, demand money from an employee, and leave said location with

9  cash."[61]  So, while the plea agreement and charging documents include a reference to 18 U.S.C.

10 § 2, it is clear that Hernandez-Lopez wasn't merely a getaway driver; he was the principal who

11 demanded money from the employees with a gun.  And because only one underlying crime is

12 needed to support a conviction under § 924(c),[62] Hernandez-Lopez's conviction as a principal in

13 the Hobbs Act robberies is sufficient to sustain his § 924(c) conviction and he thus cannot

14 establish prejudice.

**Conclusion**

15

16        IT IS THEREFORE ORDERED that Hernandez-Lopez's motion to vacate under 28

17 U.S.C. § 2255 **[ECF No. 127] is DENIED**.  And because reasonable jurists would not find this

18 determination debatable, wrong, or deserving of encouragement to proceed further,[63] I **decline to**

19

20 [60] *Cf. United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018) ("This argument simply states the mandate of 18 U.S.C. § 2, which makes an aider and abettor 'punishable as a

21 principal,' and thus no different for purposes of the categorical approach than one who commits the substantive offense.").

22 [61] ECF No. 93 at 5; *see* ECF No. 125 at 29–30.

23 [62] *See United States v. Gobert*, 943 F.3d 878, 880 n.2 (9th Cir. 2019).

[63] 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**issue a certificate of appealability**.  The Clerk of Court is **DIRECTED to enter a separate civil judgment denying Hernandez-Lopez's § 2255 petition and denying a certificate of appealability**.  The Clerk must also file this order and the civil judgment in this case and in the related civil case: 2:20-cv-01162-JAD.

IT IS FURTHER ORDERED that the government's motion for leave to file sur-reply **[ECF No. 131] is GRANTED**.

_____
U.S. District Judge Jennifer A. Dorsey
January 22, 2021